UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEROME W. WAGNER,

    Plaintiff,

v.                                                Case No. 8:08-CV-1535-T-30EAJ

STATE OF FLORIDA,

    Defendant.
_____/

**O R D E R**

    This matter comes before the Court upon review of the file. Plaintiff, a civil detainee at the Florida Civil Commitment Center, Arcadia, Florida, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). He alleges that Defendant Janet Dotterweich has been harassing him, she took Shell Oil and Texaco Oil from him,[1] and she hired 100 government employees to forge records regarding Plaintiff which prevented him from hiring an attorney to represent him in an unspecified case. He also alleges that Defendant Dotterweich gave Timothy Hessinger, a state attorney, Texaco Oil, and gave Douglas Baird, a judge with the Sixth Judicial Circuit Court of Florida, Shell Oil.

    For relief, Plaintiff asks the Court to release him from civil detainment, investigate his case, and order defendants to give him back his companies.

    Because Plaintiff seeks to proceed *in forma pauperis* (See Dkt. 2), this Court is required to review his case to determine whether his allegation of poverty is untrue, *see* 28 U.S.C. § 1915(e)(2)(A), or whether the action is frivolous, malicious, fails to state a claim

---

[1] Plaintiff alleges that his father, Jerome William Wagner, purchased Shell Oil and Texaco oil, and left the companies to Plaintiff in his will.

upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

A complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See id.* at 328. Section 1915(e)(2)(B)(I) dismissals should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To the extent Plaintiff seeks release from his civil detainment, said relief is not available in a § 1983 cause of action. Plaintiff must pursue relief under 28 U.S.C. § 2254. An individual seeking to challenge his conviction or confinement files a "petition for writ of habeas corpus" pursuant to § 2254. 28 U.S.C. § 2254(a). Claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983. *Nelson v. Campbell*, 541 U.S. 637 (2004); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Thus, a civil rights action under § 1983 is the appropriate relief when a state prisoner constitutionally challenges the conditions of his confinement, but not the fact or length of his incarceration. *Preiser*, 411 U.S. at 499. *See also Cook v. Baker*, 139 Fed.Appx. 167, 168 (11th Cir. 2005).

To the extent Plaintiff asks the Court to order defendants to return Shell Oil and Texaco Oil to him, his claims are frivolous and fantastical. Moreover, in order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.* Plaintiff fails to allege that defendants acted under color of state law, and he fails to allege the denial of a constitutional right. Accordingly, his action is due to be dismissed.

ACCORDINGLY, the Court **ORDERS** that:

1. The complaint is **DISMISSED** as frivolous and for failure to state a claim on which relief can be granted.

2. The **Clerk** shall dismiss this case, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 16, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*